**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **TYRONN RANKIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 1:25-cv-00192-HAB-ALT** |
| | ) |
| **MICHELIN NORTH AMERICA INC.,** | ) |
| ***doing business as*** **BF Goodrich Tires** | ) |
| **Fort Wayne Manufacturing,** | ) **(Consol. Case No. 1:25-cv-00247-HAB-ALT)** |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

At the telephonic motion hearing on June 10, 2026, the Court *sua sponte* discussed the

potential consolidation of this case, No. 1:25-cv-192, filed by *pro se* Plaintiff against his former

employer, Defendant Michelin North America Inc. ("Michelin"), on April 21, 2025, with

Plaintiff's other case against Michelin, No. 1:25-cv-247, filed on May 20, 2025. Neither party

was opposed to the potential consolidation.

In this case, Plaintiff advances claims of racial discrimination, retaliation, and hostile

work environment under Title VII and the Americans with Disabilities Act (ADA), resulting in

the wrongful termination of his employment.[1] (ECF 19). In the No. 1:25-cv-247 case, Plaintiff

claims that he was discriminated and retaliated against due to a perceived or actual disability in

violation of the ADA, resulting in the wrongful termination of his employment. (ECF 8, No.

1:25-cv-247). Thus, both cases stem from Michelin's termination of Plaintiff's employment.

Further, Plaintiff is proceeding *pro se* in both cases, and Michelin is represented by the same

---

[1] Although his complaint is a bit unclear, Plaintiff seems to also claim that he had anxiety and depression or was wrongly perceived as having a disability. (*See* ECF 19).

counsel in both suits. Both cases have been assigned to Chief Judge Holly A. Brady as the presider and the undersigned Magistrate Judge.

As to litigation posture of the cases, the Court conducted a preliminary pretrial conference (PPTC) in this case on November 18, 2025, entered a Scheduling Order that same day. (ECF 17, 20). The No. 1:25-cv-247 case has a pending motion to dismiss (ECF 15, No. 1:25-cv-247), so the Court has not yet held a PPTC in that case.

"The primary purpose of consolidation is to promote convenience and judicial economy." *Millman v. United Techs. Corp.*, No. 1:16-cv-312-PPS-SLC, 2017 WL 1165081, at *3 (N.D. Ind. Mar. 28, 2017) (citation omitted). "When there are two cases that grow out of the same set of facts, have the same lawyers and same parties, and are in the same court, it seems pretty obvious that concerns for judicial economy would strongly favor consolidation of the two cases." *Id.* (citation omitted); *see also Garner v. Country Club Hills*, No. 11 C 5164, 2012 WL 1900020, at *3 (N.D. Ill. May 23, 2012) (recognizing "that there is a strong commonality between the cases, and that it is in the interest of judicial efficiency to coordinate and consolidate the cases . . . pursuant to Rule 42(a)" (citations omitted)). "It is within the court's discretionary powers to order consolidation, sua sponte, … if a joint trial would avoid unnecessary costs and delay." *Smith v. Ne. Ill. Univ.*, No. 98 C 3555, 2002 WL 377725, at *6 (N.D. Ill. Feb. 28, 2002) (citation omitted); *see Highland Supply Corp. & Subsidiaries v. United States*, No. 18-cv-1417-NJR-RJD, No. 18-cv-1418-NJR-RJD, 2019 WL 5391449, at *6 (S.D. Ill. Oct. 22, 2019) ("Courts may invoke Rule 42(a) *sua sponte*, and if need be, over the objections of parties." (citations and internal quotation marks omitted)).

It appears that consolidation of these two cases is warranted under Federal Rule of Civil Procedure 42(a), as both cases "arise out of common questions of law and fact." *Smith*, 2002 WL

377725, at *6. Therefore, the Court *sua sponte* ORDERS that the two cases be consolidated. The Clerk is DIRECTED to file a copy of this Order in Case No. 1:25-cv-247 to serve as notice of the consolidation. Further, once the cases are consolidated, Plaintiff is AFFORDED leave to and including July 7, 2026, to file a second amended complaint in this case, which: (1) combines his present claims against Michelin from both cases but does <u>not</u> add any new claims; and (2) attaches all relevant EEOC charges of discrimination and notice of right to sue letters issued to him.

      SO ORDERED

      Entered this 16th day of June 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge
